IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action No. 4:24-cv-00043-BO-BM

MILTON LINTON AND DONNA LINTON,

          Plaintiffs,

vs.

STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY,

          Defendant.

## CONSENT PROTECTIVE ORDER

With the consent of all parties, this Court recognizes that Defendant Milbank Insurance Company ("Milbank") (improperly named as State Auto Property and Casualty Insurance Company) may possess confidential documents and proprietary information that may be relevant to this action and produced in discovery, but which should not be disclosed outside of this litigation. Accordingly, it is hereby **ORDERED** as follows:

**I.    DISCOVERY PHASE**

    A.    If Milbank has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential under the law at the time the of the disclosure and should not be disclosed other than in connection with this action and pursuant to this Consent Protective Order, Milbank or its attorney shall mark each such document or other material as "**CONFIDENTIAL**."

    B.    If Plaintiffs or their attorneys dispute whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or their attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the challenging party may give written

1

notice to the designating party stating its objection to the confidentiality designation. Within fourteen days of service of such notice, the designating party shall file the appropriate motion with the Court to request that the document or other material be designated as confidential. Milbank, as the designating party, has the burden of establishing good cause for the document or other material to be treated as confidential. Failure to file a motion within fourteen days of receipt of the notice removes the confidential designation. If a motion is timely filed, the disputed materials will be treated as confidential until the Court resolves the dispute.

C. The Plaintiffs or their attorneys, or other person, subject to this Consent Protective Order shall not distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Consent Protective Order. Court personnel are not subject to this Consent Protective Order while engaged in the performance of their official duties.

D. Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by the Plaintiffs, or their attorneys, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Consent Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any discovery deposition taken in this action.

E. If the Plaintiffs or their attorneys wish to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (*e.g.*, expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

1. Provide a copy of this Consent Protective Order to the person to whom disclosure is made;

2. Inform the person to whom disclosure is made that s/he is bound by this Consent Protective Order;

3. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Consent Protective Order;

4. Upon request of the producing party, instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material; and

5. Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person.

F. Depositions: The use of information subject to this Consent Protective Order at a deposition will not waive the confidential nature of the information. The Plaintiffs may show a witness information subject to this Consent Protective Order, and may question a witness on the information, but the witness will not be permitted to retain any physical copies of the document unless it was in their possession prior to the deposition. To the extent confidential information is made an exhibit to a deposition, it will retain its confidential nature.

G. The Plaintiffs, their attorneys, and other representatives are forbidden and prohibited from revealing or disclosing confidential information subject to this Consent Protective Order, except as set forth in this Order.

H. The Plaintiffs and their representatives shall also act to preserve the confidentiality of designated information to the extent that it is filed with the Court. If any information that is

3

designated confidential is filed, then it shall be filed under seal and with notation of the application of this Consent Protective Order.

I. In the event that Milbank discovers it has inadvertently produced confidential information that has not been designated "**CONFIDENTIAL**" it may, within twenty (20) days from the discovery of the inadvertent production, designate the documents or information as "**CONFIDENTIAL**" by subsequent notice in writing specifically identifying the documents or information and furnishing the correct designation, in which event the parties shall henceforth treat such information as provided in this Consent Protective Order.

J. This Consent Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the attorney client privilege, the attorney work product, the rules of discovery, and the rules of evidence. This Consent Protective Order shall not preclude the Court or its personnel from reviewing any documents or information designated as confidential or proprietary as necessary for the conduct of this litigation.

K. Upon termination of this litigation, by judgment, settlement, or otherwise, and upon the request of Milbank, the Plaintiffs, their retained non-attorney expert, and/or or consultant possessing confidential information shall:

   (a) return to retained or retaining counsel, or destroy, all confidential information subject to this Consent Protective Order which the producing party has requested be returned or destroyed, including all copies, prints, summaries, and other reproductions of such information, and

   (b) Provide a written statement to the retaining counsel that all documents and information subject to this Consent Protective Order which the producing party has requested be returned or destroyed, including all copies, prints, summaries, and other reproductions of such information, have been returned or destroyed in a secure manner.

Counsel for the Plaintiffs, who has received documents pursuant to this Consent Protective Order, shall:

(a) Return to the providing party through its counsel of record, or destroy, all documents and information subject to this Consent Protective Order which the producing party has requested be returned or destroyed, including all copies, prints, summaries, and other reproductions of such information; and

(b) Provide a written statement that all documents and information subject to this Consent Protective Order which the producing party has requested be returned or destroyed, including all copies, prints, summaries, and other reproductions of such information, have been returned or destroyed

The obligation to destroy confidential information includes an obligation to delete all electronic files, but does not include an obligation to erase electronic backup media. Notwithstanding this provision, Counsel for the Plaintiffs is entitled to retain in its law firm file an archival copy of pleadings, motions, trial, deposition, and hearing transcripts, briefs, deposition and trial exhibits, expert reports and work product, and attorney work product even if these materials contain confidential information. Counsel for the Plaintiffs may retain documents, including confidential information, necessary to comply with any applicable law or regulation, for the time period proscribed in such applicable law or regulation. Any portions of such archival copies that contain confidential information shall remain subject to this Consent Protective Order and following termination of this litigation may not be communicated to or shared with any person absent consent of Milbank.

## II. POST-DISCOVERY PHASE

If Plaintiffs wish to file or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, they must provide reasonable notice to Milbank, as the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, Milbank and/or its attorneys, who seek continued confidentiality, may present the issue to the court for resolution. As the proponent of

5

continued confidentiality, Milbank will have the burden of persuasion that the document or material should be withheld from the public record in accordance with the Rules of Civil Procedure and applicable case law.

ENTERED this __26__ day of __July__, 2024.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Consented and Agreed to by:

**MILLER LAW GROUP, PLLC**

*/s/ Bruce W. Berger*
Bruce W. Berger
Miller Law Group, PLLC
2424 Glenwood Avenue, Suite 201
Raleigh, NC 27608
Telephone: (919) 348-4361
Email: bruce@millerlawgroupnc.com

*Counsel for Plaintiffs, Milton and Donna Linton*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Christopher J. Blake*
Christopher J. Blake
N.C. State Bar No. 16433
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Telephone: (919) 329-3808
Email: chris.blake@nelsonmullins.com

*Counsel for Milbank Insurance Company*

6